MEMO ENDORSED

# Paul P. Rinaldo
### Attorney At Law

50 Main Street, Suite 1000                                                               Tel: (914) 682-2015
White Plains, NY 10606                                                                 Cell: (914) 374-2337
Email: prinaldolaw@aol.com

April 8, 2020

VIA ECF

Honorable Kenneth M. Karas
United States District Judge
300 Quarropas Street
White Plains, New York 10601

    Re: <u>United States v. Maurice Murphy</u>
        18 CR 284(KMK)

Dear Judge Karas:

    Maurice Murphy, by this letter motion, respectfully moves the Court pursuant to 18 U.S.C. §3582(c)(1)(A) to modify his term of imprisonment to time served and to impose a special condition that Mr. Murphy serve a period of home confinement on supervised release. Such a modification will effectively allow him to finish the remaining portion of his prison sentence on home confinement, which will in turn allow him to protect himself from the spread of the novel coronavirus 2019 ("COVID-19") by sheltering in place at his residence in light of his serious underlying and pre-existing health problems, which place him in the COVID-19 high-risk category.

    In support hereof, counsel for Mr. Murphy, Paul P. Rinaldo, states as follows:

    1. Mr. Murphy was sentenced on October 22, 2019 to a term of imprisonment of 18 months, to be followed by a three year term of supervised release. Mr. Murphy was sentenced in connection with his conviction for distribution and possession of cocaine.

    2. Mr. Murphy self-surrendered on January 31, 2020 to the United States Marshals' Office at the District Court, Southern District of New York, White Plains. He was subsequently designated to serve his sentence at the Metropolitan Correction Center ("MCC"), New York.

3. Mr. Murphy's inmate register number at the MCC is 85573-054. His current release date is March 13, 2021.

4. As the Court is aware, COVID-19 has spread throughout the United States and the Attorney General of the United States and some courts have recognized that the country's Federal prison population is at significant risk. On March 18, 2020, in *United States v. Stephens,* 15 CR 95(AJN)(S.D.N.Y. March 18, 2020), Judge Alison J. Nathan granted the defendant's emergency motion for reconsideration of denial of bail and ordered the defendant released with conditions.

5. On March 19, 2020, I learned that the MCC had compiled a list of inmates that MCC deemed to meet the Center for Disease Control ("CDC") vulnerable criteria and are at high-risk either based on age or medical condition. On March 29, 2020, I was informed by the Office of the Federal Defenders of New York that Mr. Murphy is on that list. I was also informed that the list does not identify an inmate's risk factors.

6. Mr. Murphy's Presentence Investigation Report reports that Mr. Murphy suffers from high blood pressure and diabetes. (See PSR, Doc. 97). Mr. Murphy's wife has advised me that Mr. Murphy takes the following medications: Lisinopril for his high blood pressure and Metformin for his Type II diabetes. Presumably, these conditions were the basis for Mr. Murphy's high-risk designation.[1]

7. On April 3, 2020, the Attorney General of the United States issued a Memorandum For Director of Bureau Prisons, attached hereto as Exhibit 1. In it, the Attorney General directs the BOP to assess which inmates are at risk and should be granted home confinement pursuant to certain discretionary factors. I submit that, after a review of those factors, Mr. Murphy should be granted home confinement.

8. 18 U.S.C. §3582(c)(1)(A) permits a defendant to file a motion with the Court following an adverse determination of an inmate's request that the BOP modify his sentence. I respectfully submit that, since the Attorney General has directed the BOP to determine which inmates are vulnerable and possibly eligible for home confinement and that the MCC has determined that Mr. Murphy is

---

[1] Mr. Murphy's family is working on getting a medical report from his doctor but, understandably, that is taking some time under the circumstances.

such an inmate, the requirement that the defendant make a request for a modification is moot. There is no indication of how long the BOP will take to act to protect and release vulnerable inmates. In light of the time-sensitive nature of this application, I request that the Court consider and decide this motion at this time.

9. Under 18 U.S.C. §3582(c)(1)(A)(i), the Court may modify a term of imprisonment upon a finding that there are "extraordinary and compelling reasons", to merit a reduction. I respectfully submit that Mr. Murphy's high blood pressure and Type II diabetes, when combined with the unprecedented public health crisis posed by the COVID-19 pandemic, provide extraordinary and compelling reasons to modify his sentence to permit his immediate release to home confinement.

10. Since, Mr. Murphy's release date is March 13, 2020, he may be eligible for transfer to a halfway house within a few months. Unfortunately, placement in a halfway house would pose just as great a risk to Mr. Murphy's health as remaining at the MCC. I respectfully submit that allowing Mr. Murphy to complete the balance of his sentence on home confinement is a modest request under these extraordinary circumstances.

11. I have conferred with Assistant United States Attorney Samuel Raymond who informed me that the government is considering these types of applications on a case by case basis.

WHEREFORE, it is respectfully requested that the Court modify Mr. Murphy's term of imprisonment to time served and impose a period of home confinement.

> The application for compassionate release is denied without prejudice, as Mr. Murphy has not fully exhausted his administrative remedies under Section 3582. If Mr. Murphy fully exhausts his remedies or BOP does not act on an administrative request within 30 days, then he may renew this application.
>
> So Ordered.
>
> [signature]

Respectfully requested,

/s/ Paul P. Rinaldo

Paul P. Rinaldo

C Raymond, via ECF and email

May 20, 2020

3